26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re the EXXON VALDEZ.
CHUGACH ALASKA CORPORATION, Tatitlek Corporation, Eyak
Corporation, Chenega Corporation, Port Graham Corporation,
English Bay Corporation, Kodiak Island Borough, City of
Cordova, City of Seward, City of Old Harbor, City of Larsen
Bay, City of Ouzinkie, and City of Port Lions, Plaintiffs-Appellants,
v.
EXXON CORPORATION and Exxon Shipping Company, Defendants-Appellees.
 No. 94-35458.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 15, 1994.
As Amended June 28, 1994.
 
 Before: CHOY, HUG, and LEAVY, Circuit Judges.
 
 ORDER
 
 1
 The appellants appeal the district court's order certifying a mandatory punitive damages class pursuant to Federal Rule of Civil Procedure 23(b)(1)(B).
 
 
 2
 An order granting class certification is not a final order appealable under 28 U.S.C. Sec. 1291. Coopers & Lybrand v. Livesay, 437 U.S. 463, 465 (1978). Appellants did not seek or obtain discretionary certification under 28 U.S.C. Sec. 1292(b) to appeal the interlocutory order. Thus, appellate jurisdiction can only rest on appellants' contention that the order is appealable under 28 U.S.C. Sec. 1292(a)(1). Appellants argue that the interlocutory order operates as an injunction that enjoins further proceedings in state court on the punitive damages claims against Exxon and is in violation of the Anti-Injunction Act, 28 U.S.C. Sec. 2283. We grant appellees' motion to dismiss the appeal for lack of appellate jurisdiction.
 
 
 3
 The district court, in the process of certifying the punitive damages class, stated:
 
 
 4
 Regarding the Anti-Injunction Act, there is no reason for the court to enter any kind of injunction. The federal and state court proceedings have heretofore proceeded with a high degree of deference and cooperation. Concerning the punitive damages issue, this court respectfully requests that the state court recognize as a matter of comity that duplicative trials of the same punitive damages claims would be wasteful, particularly when the center of gravity of the entire litigation is in federal court.
 
 
 5
 Order No. 180, Supplement at pg. 11, E.R. VI, pg. 54.
 
 
 6
 The certification of the class did not enjoin or prohibit further proceedings in state court on plaintiffs' claims for punitive damages. To the contrary, it was merely a request that the state judge consider, as a matter of comity, the undesirability of proceeding with duplicative trials on the punitive damages claims.
 
 
 7
 It is clear from the transcript of the status conference that the state judge understood the district court's statements as a request as a matter of comity, not as an injunction. The state judge expressed an inability to proceed with the full trial on the scheduled June 6, 1994 date, but this was because the certification was not final at that time and because of the uncertainty of the issues to be tried in the state action. He did not indicate, as appellants contend, that he was unable to proceed with the punitive damages claims because of any federal order having the effect of an injunction. Instead, a fair reading of the transcript of the status conference indicates that the state judge did not intend to remove the punitive damages issue as a result of any federal court compulsion, but rather, as a matter of comity, recognizing the desirability of resolving the punitive damages claims in one proceeding.
 
 
 8
 The appellants rely upon In re Federal Skywalk Cases, 680 F.2d 1175 (8th Cir.1982), as authority that certification of a punitive damages class by a federal court serves to operate as an injunction against existing state court parallel proceedings. However, Skywalk involved more than merely certifying the class. The circuit court based its ruling on the fact that the district court order expressly prohibited class members from settling their claims. Id. at 1180. It is clear that the Skywalk order operated as an injunction against settlement and implicitly against proceeding further in the state court. In contrast, the district court, in the present case, made no such order and expressly declined to enter any type of injunctive prohibition.
 
 
 9
 The interlocutory certification order is not a final order appealable under 28 U.S.C. Sec. 1291, and it is not an order having the effect of an injunction appealable under 28 U.S.C. Sec. 1292(a)(1). The appeal is therefore dismissed for lack of appellate jurisdiction.
 
 
 10
 DISMISSED FOR LACK OF APPELLATE JURISDICTION.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4